VIRGINIA PADGETT, Respondent, v. GROVER BATES et al., Appellants.— Appeal from a judgment in favor of the plaintiff entered upon a verdict of a jury at a Trial Term, Supreme Court, Chemung County, and appeal from an order denying the defendants' motion to set aside the verdict and denying the defendants' motion for a new trial on the ground of newly discovered evidence. The plaintiff was injured when an auto owned by her and driven by her husband and an auto operated by one of the defendants and owned by the other defendant collided at an intersection in the city of Elmira. The defendant driver was to the right of the plaintiff's auto as the two vehicles approached the intersection which was not regulated by stop signs or traffic control signals. There was testimony on behalf of the plaintiff that after her auto entered the intersection the defendant's vehicle was fifty to one hundred feet away and that the front end of her auto had nearly left the intersection when it was struck in the right rear side by the front of the defendant's vehicle. The version testified to by the defendant driver was that she had stopped before reaching the intersection and just as she started to enter the intersection the rear fender of the plaintiff's auto came into contact with the front of the vehicle she was operating. The trial judge clearly charged the right of way rule, the rule of mutual forebearance and the other applicable negligence doctrines. There is credible evidence to support the findings implicit in the verdict of the jury that the

defendant driver was negligent and that the plaintiff and the driver of her auto were free from negligence. At the trial as part of her proof of damages, the plaintiff testified that she hired Mrs. Hill to perform some household work for a period of two weeks following the accident and that eleven months after the accident she was still unable to lift heavy burdens. After the trial and in support of the defendants' motion for a new trial on the ground of newly discovered evidence, Mrs. Hill and her husband furnished affidavits in which they swore that Mrs. Hill had not performed any work for the plaintiff after the accident and that the plaintiff, eleven months after the accident, had carried heavy planks and pails of water on the Hill farm. In opposing the motion, the plaintiff submitted an affidavit in which she denied performing any labor on the Hill farm and in which she swore, in substance, that Mrs. Hill had not performed any work for the plaintiff after the accident. The new evidence, if believed, might lessen the probative force of the plaintiff's testimony concerning her injuries and damages but would not affect the issues of negligence and contributory negligence except as bearing upon the credibility of the plaintiff. The Trial Judge was not convinced that the newly discovered evidence is of such a nature that it would in all probability produce a different result at a new trial or that it could not with reasonable diligence have been obtained for use at the trial. He could have found that the discrepancy between the testimony of the plaintiff at the trial concerning the hiring of Mrs. Hill and the plaintiff's affidavit on that subject is not of sufficient moment to impeach the verdict. A motion for a new trial is addressed to the sound discretion of the trial judge. It cannot be held that the trial judge's discretion was unwisely exercised in this instance. Judgments and orders unanimously affirmed, with costs to the respondent. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.